# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2022

Lyle W. Cayce
Clerk

No. 22-60190
Summary Calendar

_____

Corla Jackson,

*Plaintiff—Appellant*,

*versus*

Siegel Group, L.L.C.; Jason Weber; Siegel Group Nevada, Incorporated; Stephen Siegel, also known as Steve Siegel; Imagination Holdings,L.L.C.; 3491 Dolphin Gautier Holdings, L.L.C.; Siegel Group,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:20-CV-355

_____

Before Jones, Stewart, and Haynes, *Circuit Judges*.

Per Curiam:*

Plaintiff Corla Jackson appeals the district court's dismissal of her claims and its decision to set aside the entry of default against several

_____

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

defendants. All Jackson's claims stem from what she characterizes as her wrongful eviction from her apartment. The defendants are various legal persons that Jackson claims constitute her former landlord (collectively the "Siegel defendants") as well as Jason Weber, the general manager of the property.

Jackson obtained entries of default against the Siegel defendants for their failure to respond. The Siegel defendants then appeared, arguing that they had been improperly served and that good cause existed to set aside the default. They also sought dismissal of all claims on the ground that Jackson had not been evicted.

The district court set aside the default and dismissed all of Jackson's claims. He found good cause to set aside the default for several reasons, including that the recipient of the summons—a receptionist at one of the defendants' corporate headquarters—was not an agent authorized to receive service for any of the Siegel defendants. He also dismissed all federal claims with prejudice. He found no factual allegations to support her claims under 42 U.S.C. § 1982 or the Fair Housing Act. And he found her claim based on the CDC's eviction moratorium mooted by the Supreme Court's decision in *Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 141 S. Ct. 2485 (2021). The Fifth and Fourteenth Amendment claims were dismissed for the lack of state action. Finally, he dismissed all state claims without prejudice. He found that the court lacked diversity jurisdiction because Weber was a citizen of the same state as Jackson, and he declined to exercise supplemental jurisdiction over the state law claims after considering the factors laid out in 28 U.S.C. § 1367(c).

The judgment of the district court is AFFIRMED. We find no reversible error of law or fact and affirm essentially for the reasons stated in the thorough opinion of the district court.